## No. 4017.

### MRS. M. H. WALKER, wife, etc., *v.* F. LIMONGY, et al.

The wife can, with the consent of her husband, sell her separate property and give the proceeds to her husband, who then becomes her debtor. Having the authority to sell and having made a sale in due form, the object for which it was made by the wife, to raise money for her husband, does not make it any the less a sale as to third persons without knowledge. The public knows that a wife has the right to sell her property if duly authorized, and that her husband may receive and use the proceeds, and if there is nothing to create suspicion, or put the capitalist on his guard, he may safely discount a mortgage note given by a purchaser to a married woman as a part of the price of her property regularly sold by her.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J. Semmes & Mott,* for plaintiff and appellant. *H. Michel, C. Roselius* and *A. Philips,* for defendants and appellees.

HOWELL, J. On the eighth of July, 1870, Mrs. M. H. Walker, authorized and assisted by her husband, A. W. Walker, appeared before T. Guyol, notary public, and executed an act of sale to J. S. Tully of two lots of ground and the improvements thereon, situated on St. Charles street, for the price of $18,000, of which $7000 were alleged to be in cash, and the purchaser assumed the balance of the mortgage,

then amounting to $2720, due the Citizens' Bank, and gave his three notes for $2666 66⅔ each, with eight per cent. interest after maturity, payable at six, twelve and eighteen months, and secured by mortgage on the property sold. F. Limongy, as the holder of the first of said notes, after receiving payment of the interest at different periods and a part of the principal, issued executory process against Tully for the balance and caused the mortgaged property to be seized and advertised for sale ; whereupon Mrs. Walker injoined the sale on the grounds that the said sale to Tully was not real, but intended as a mortgage to raise money for the benefit of her husband, and asked that the said sale be declared null and the said notes given by Tully be declar..d inoperative as a mortgage upon her said property.

From a judgment dissolving her injunction with damages, she has appealed.

The act was read to Mrs. Walker when she signed it and she directed the notary to deliver the notes to her husband. No cash was paid, and some two or three weeks after the date of the act, Tully gave to A. W. Walker a counter letter, acknowledging that the said sale was merely an accommodation sale, made to give currency to the notes executed by him, that he paid no cash, that the sale was null, and obligated himself to transfer the property to Mrs. Walker when requested, subject however to the mortgage securing his notes. Of this letter, which has never been recorded, Mrs. Walker had no knowledge until the property was seized, and then she found it among her husband's papers, after he had suddenly disappeared. Knowledge of the transaction was not brought home to Limongy, who discounted the note in the hands of the notary, the proceeds of which went to A. W. Walker. It is clear that the transaction was intended to raise money for the benefit of Walker, who expected to pay the notes and have the property retransferred to his wife.

The question is, can the innocent third holder of the note, so executed, enforce the mortgage by which its payment is secured ?

The wife can, with the authorization of her husband, sell her separate property and give the proceeds to her husband, who then becomes her debtor. R. C. C. 2390. Having the authority to sell and having made a sale in due form, the object for which it was made by the wife, to wit, to raise money for her husband, does not make it any the less a sale as to third persons without knowledge. We are not prepared to say that, because, as between the parties, an act may be intended as an indirect way of issuing and giving currency to notes to be discounted for the benefit of the husband, the mortgage, executed in due form by an apparent purchaser to secure notes given by him for the alleged price, can be declared to be simply a mortgage executed by the

wife for the benefit of her husband. The public knows that a wife has the power to sell her property, if duly authorized, and that her husband may receive and use the proceeds, and if there is nothing to create suspicion or put the capitalist on his guard, he may safely discount a mortgage note given by a purchaser to a married woman as a part of the price of her property regularly sold by her.

Judgment affirmed.

Rehearing refused.